# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **DAVID HASKINS**, as Guardian and Conservator of Mary Haskins, and **DAVID HASKINS**, individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| *vs.* | ) ) | No. 05-0134-CV-W-GAF |
| **JOHN H. HELZBERG**, | ) ) | |
| Defendant. | ) | |

## ORDER APPROVING SETTLEMENT

On this 30th day of March, 2006, the Court heard Plaintiffs' Motion to Approve Settlement. Plaintiff David Haskins, in his capacity as Guardian and Conservator of his wife, Mary Haskins, and David Haskins, in his individual capacity, appeared in person, and by Plaintiffs' counsel, Samuel K. Cullan. Defendant John H. Helzberg appeared by his counsel, Monika Jenkins. After hearing evidence and being fully advised in the premises, the Court finds:

1.  The parties have vigorously disputed the issues of liability and the nature and extent of damages in this case.

2.  Through a combination of pleadings and a hearing, the Court is familiar with the facts of the case, and with the primary evidence relating to the nature and extent of the damages to Mary Haskins, as a result of the automobile collision which gave rise to this suit.

3.  The parties have agreed to settlement this matter for a gross sum of one million dollars ($1,000,000.00), with court costs to be paid by Defendant. By this settlement, Defendant has not admitted liability but has instead settled a disputed claim. This settlement is fair, reasonable and proper under all the facts and circumstances.

4. David Haskins, in both his representative and individual capacities, has proposed that the settlement be allocated as follows: Ninety percent (90%) for the injuries sustained by Mary Haskins, and ten percent (10%) for Mr. Haskins' individual claim for loss of consortium. Under all the facts and circumstances, this allocation is fair, reasonable and proper.

5. The law firm of Dr. Samuel K. Cullan & Associates has reduced its standard contingent fee of forty percent (40%) of the gross proceeds to one-third of the gross proceeds. Under all the facts and circumstances, an attorney fee of one-third of the gross proceeds of the recovery is fair, reasonable and proper.

6. The law firm of Dr. Samuel K. Cullan & Associates has incurred total litigation expenses in the amount of $50,000.00 [CORRECT FIGURE TO BE INSERTED]. Under all the facts and circumstances, these litigation expenses were reasonably necessary and are fair and reasonable in amount.

7. There is a Humana Insurance Company lien on the proceeds of the settlement in the approximate amount of forty-five thousand dollars ($45,000.00).

**IT IS THEREFORE ORDERED:**

1. The gross settlement in the amount of one millions dollars ($1,000,000), plus court costs to be paid by Defendant, is approved.

2. David Haskins, in his capacity as Guardian and Conservator of the Estate of Mary Haskins, is hereby authorized and directed to execute whatever documents may be necessary to complete the settlement on behalf of the Estate of Mary Haskins, including but not limited to an appropriate release and settlement agreement in his representative capacity.

3. David Haskins, in his individual capacity, is hereby authorized and directed to execute whatever documents may be necessary to complete the settlement of his individual claim for loss of consortium, including but not limited to an appropriate release and settlement agreement in his individual capacity.

4. A share of ninety percent (90%) of the gross proceeds shall be paid to David Haskins, in his capacity as Guardian and Conservator of the Estate of Mary Haskins, to be distributed as follows:

| | |
|---|---|
| $900,000.00 | Gross settlement to the Estate of Mary Haskins |
| -$300,000.00 | Less attorney fees of one-third of the gross settlement |
| $600,000.00 | |
| -$45,000.00 | Less 90% of total litigation expenses |
| $555,000.00 | |
| -$45,000.00 | Funds to be withheld for Humana lien |
| $510,000.00 | Net proceeds to the Estate of Mary Haskins |

5. A share of ten percent (10%) of the gross proceeds shall be paid to David Haskins, in his individual capacity, to be distributed as follows:

| | |
|---|---|
| $100,000.00 | Gross settlement to David Haskins, individually |
| -$33,333.33 | Less attorney fees of one-third of the gross settlement |
| $66,666.67 | |
| -$5,000.00 | Less 10% of total litigation expenses |
| $61,666.67 | Net proceeds to David Haskins, individually |

6. The net proceeds presently due to the Estate of Mary Haskins pursuant to Paragraph 4 immediately above shall be held in the Trust Account of Plaintiffs' law firm, Dr. Samuel K. Cullan & Associates, until receipt of an Order from the Probate Division of the Circuit Court of Jackson County, Missouri, directing the firm where to deposit the funds for the use and benefit of Mary Haskins. The funds shall be directly paid to the bank or other institution, as directed by the Probate Court, but under no circumstances shall any part of the net proceeds presently available for the Estate of Mary Haskins be paid to David Haskins in either his representative or individual capacities. Within thirty (30) days of the date of this Order, David Haskins, in his capacity as Guardian and Conservator of the Estate of Mary Haskins, shall request the Probate Court to approve or determine the bank or other institution where the funds held by Plaintiffs' law firm shall be deposited.

7. The sum withheld for the Humana lien claim shall be held in the Trust Account of Plaintiffs' law firm until such time as the claim is resolved. If a lower sum than $45,000 is determined to be due and is paid to Humana, Plaintiffs' counsel shall pay the difference directly to the same bank or other institution iden-

tified by the Probate Court of Jackson County, but under no circumstances shall any such sum be paid to David Haskins in either his representative or individual capacities.

      8.     Defendant shall pay court costs to Plaintiffs' law firm. Following the payment of such costs, Plaintiffs' law firm shall pay ninety percent (90%) of those costs directly to the same bank or other institution identified by the Probate Court of Jackson County, as reimbursement for litigation expenses previously paid pursuant to Paragraph 4 above, but under no circumstances shall any such sum be paid to David Haskins in either his representative or individual capacities. Plaintiffs' law firm shall pay ten percent (10%) of those costs directly to David Haskins, in his individual capacity, as reimbursement for litigation expenses previously paid pursuant to Paragraph 5 above.

                                                /s/ Gary A. Fenner
                                                 Hon. Gary A. Fenner
                                                 United States District Judge

Dated: March 30, 2006